IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSEPH LEE JONES,**

                **Petitioner,**

       **v.**                                CASE NO. 14-3034-SAC

**STATE OF KANSAS, et al.,**

                **Respondents.**

### MEMORANDUM AND ORDER

This pro se action was filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by an inmate while he was confined at the Larned Correctional Mental Health Facility, Larned, Kansas. Having examined the materials filed, the court finds that Mr. Jones has not satisfied the statutory filing fee prerequisite and that the petition is deficient in several ways. Mr. Jones is given time to satisfy the filing fee. In addition, most of petitioner's claims are dismissed and he is given the opportunity to cure the deficiencies in his only remaining claim.

### FILING FEE

The statutory fee for filing a federal habeas corpus petition is $5.00. This fee is to be submitted with the initial pleading in a lawsuit. Petitioner has previously been informed of this prerequisite, but has again neither paid the fee nor submitted a

motion to proceed in forma pauperis (IFP). This action may not proceed until the filing fee is satisfied in one of these two ways. If petitioner elects to file a motion to proceed in forma pauperis, it must be submitted upon court-approved forms. He must also submit a certified accounting of the funds available to him in his institutional account. D.Kan.Rule 9.1(g);[1] see Rules Governing Section 2254 Cases in the United States District Courts, Rule 3(a)(2)(habeas petition must be accompanied by "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution"). The clerk shall be directed to send forms for filing a proper IFP motion.

**BACKGROUND**

The court has examined the Petition and "Exhibit" in support filed herein. As the background for this action, Mr. Jones alleges as follows. He was convicted upon his pleas of nolo contendere in Shawnee County District Court, Topeka, Kansas, of Attempted Theft and Attempted Car Burglary. In April 2013, he was sentenced to 12

---

1  D.Kan.Rule 9.1(g)(2)(A) provides:

   Where a petitioner, movant, or plaintiff is an inmate of a penal institution and desires to proceed without prepayment of fees, he or she must also submit a certificate executed by an authorized officer of the institution in which he or she is confined. The certificate must state the amount of money or securities on deposit to his or her credit in any account in the institution.

months in prison.[2] He appealed the judgment of conviction to the Kansas Court of Appeals (KCA), but the appeal was dismissed in October 2013. "[T]he failure to have a restitution hearing robbed (him) of (his) time to file an appeal." Mr. Jones recently filed a motion regarding this conviction in Shawnee County District Court pursuant to K.S.A. §§ 60-1501 and 1507 seeking injunctive relief, which he mailed on February 5, 2014. He did not "even know if it was received" at the time he filed the instant federal petition.

**CLAIMS AND ALLEGATIONS**

Petitioner sets forth four grounds in his petition: (1) violation of First Amendment Right to Communicate and Access to the Courts, (2) violation of due process with regard to parole violation charges, (3) violation of right to medical treatment and taking of leg brace, and (4) cruel and unusual punishment. As facts in support of Ground (1), petitioner alleges a "pattern of problems" with his "captors" losing his legal papers, a check, and his leg brace, moving him around, and "mail being slowed" seemingly "by design." As facts in support of Ground (2) petitioner alleges that he was not given a "Morrisey hearing" because his parole officer incorrectly stated that he was observed by the arresting officer committing the

---

2  The records available on-line regarding offenders within the Kansas Department of Corrections (KDOC) indicate that Mr. Jones is currently confined on two active convictions: Case No. 11CR523 (Attempted Burglary of Vehicle) and Case No. 12CR1469 (Attempted Theft). These offenses were committed in different years, but petitioner was sentenced in both cases on April 30, 2013.

violation offense.  In support of Ground (3) petitioner alleges that his leg brace was stolen and then lost and he was not taken to a doctor's appointment.  As support for Ground (4), petitioner alleges that "they" are denying his "needed mental health benefits and services" knowing of his pre-existing problems in order to play on his illness and have stolen his legal papers, money, and leg brace so he can't win his civil lawsuits.  Mr. Jones seeks release from prison as well as a doctor's appointment in the free world for a new leg brace.

## DISCUSSION

Mr. Jones is no stranger to this court.  In this action he again improperly attempts to lump together three distinct types of claims that cannot be litigated in a single action.  His conditions claims are dismissed because such claims are not properly raised in a habeas corpus petition.  His § 2254 claims are dismissed for failure to state adequate grounds and facts in support to challenge his state conviction(s) and for clear failure to exhaust state remedies.  His remaining claim challenging parole revocation is treated as one under 28 U.S.C. § 2241, and he is given time to state facts showing a constitutional violation and to show exhaustion of state remedies.

None of the grounds presented in this petition is a challenge

4

to either of petitioner's active convictions or sentence.[3] Grounds (1), (3), and (4) are claims regarding his conditions of confinement. Mr. Jones has previously been informed that conditions of confinement claims may only be raised in a civil rights complaint. *See Jones v. Kansas*, 2012 WL 5933066, *3 n.3 (D.Kan. Nov. 27, 2012). The conditions of which he complains do not entitle him to release from prison, which is the relief available in a habeas corpus action.[4]

Furthermore, even if any of the grounds in the petition based on conditions claims could somehow be construed as legitimate grounds for habeas corpus relief, petitioner's responses in his petition to questions regarding exhaustion plainly show that he has not exhausted state remedies on either of his active state convictions. Petitioner states that he appealed to the KCA but adds that the KCA appeal was dismissed and admits that he did not appeal to the highest state court. The court takes judicial notice of the docket of the Kansas Appellate Courts in Dist. Case No. 12-CR-1469, showing that Mr. Jones filed a Petition for Review in that state criminal appeal on August 28, 2013, that appears to be pending. The court also takes judicial notice of the appellate docket in Case No. 11-CR-523 showing

---

3   Mr. Jones was informed in a prior defective 2254 petition that he could not challenge these two convictions in the same habeas petition. In the instant petition he names the offenses from both convictions but does not provide the case number of either. Thus, it is not even clear which of his two active state convictions he seeks to challenge in this petition.

4   Mr. Jones is warned that improperly attempting to use a habeas corpus petition to litigate conditions claims may count as a strike against him under 28 U.S.C. § 1915(g).

5

that briefs have been filed in that criminal appeal, which is currently pending before the KCA. These records demonstrate that Mr. Jones has not exhausted his appeals in either of his two active criminal cases.

Petitioner's references to other cases and motions he has filed in federal court do not show the requisite exhaustion of state court remedies.[5] Nor does petitioner properly present any claims or facts in the instant petition by baldly referring the court to his other cases or motions.[6]

Ground (2) suggests that Mr. Jones seeks to challenge the revocation of his state parole. A state prisoner's claim of entitlement to immediate release based on allegations of improper parole revocation should be brought pursuant to 28 U.S.C. § 2241 because it is an attack upon a revocation decision and not the petitioner's criminal conviction or sentence. *See Reed v. McKune*, 298 F.3d 946, 953 (10th Cir. 2002); *McIntosh v. U.S.Parole Commission*, 115 F.3d 809, 812 (10th Cir. 1997); *Stoltz v. Sanders*, 242 F.3d 390, *1 (10th Cir. 2000)("To the extent Mr. Stoltz is challenging the revocation of his (suspended) sentence, we construe

---

5  Mr. Jones lists his civil rights action recently filed in federal court, *Jones v. Biltoff*, Case No. 14-3031-SAC, and incorrectly claims it as another action filed concerning his state judgment of conviction. In the first place, his federal civil rights case was not filed in state court. Secondly, plaintiff's description of the grounds in his civil complaint does not match the actual grounds. Finally, as plaintiff has previously been informed, challenges to state convictions may not be litigated in a federal civil rights complaint.

6  More specifically, petitioner does not add any claim or factual allegation to this action by simply writing in various spaces on his petition: "see Case 14-CV-3031-SAC" or the motion to appoint counsel that he filed in that case.

his petition as filed under 28 U.S.C. § 2241 because it challenges the execution of his sentence, rather than its validity). Furthermore, a "habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000); 28 U.S.C. 2254(b)(1)(A).

In the instant petition, Mr. Jones does not allege sufficient background facts with regard to the state revocation proceedings that he seeks to challenge. For example, he does not provide the date and location of the revocation proceedings, the violations with which he was charged, or the written findings of the parole board as to the charged violation(s). He vaguely alleges that his parole officer's statement that he was seen committing an offense was untrue and that he was denied a Morrissey hearing[7] as a result. The court finds that these allegations fail to show that revocation of petitioner's parole violated his federal constitutional rights.

Furthermore, petitioner does not show that he administratively appealed any adverse parole decision, or that he has fully and properly exhausted all available state court remedies on this challenge or any other he may have to his state parole revocation

---

7   Petitioner provides no description whatsoever of his parole revocation proceedings. In *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972), the Supreme Court held that a parole violator is not entitled to the full panoply of rights afforded to a defendant in a criminal proceeding. Rather, due process requires: (1) written notice of the claimed violation; (2) disclosure of the evidence against the defendant; (3) the opportunity to be heard and present evidence; and (4) the right to cross-examine adverse witnesses. Petitioner does not allege that he was denied any element of the requisite due process.

7

proceedings. Mr. Jones has previously been informed that he must exhaust state remedies on parole revocation claims.

In summary, this action is treated as a motion for habeas corpus relief pursuant to 28 U.S.C. § 2241. Mr. Jones is given time to state sufficient facts to support a claim that revocation of his state parole was unconstitutional and to show full and proper exhaustion of administrative and state court remedies on his claim regarding parole revocation. The court repeats for emphasis that all the conditions claims that Mr. Jones improperly attempts to raise in this habeas corpus petition are dismissed from this action without prejudice, and petitioner's challenges to his two active state convictions, if any, are dismissed for failure to state grounds and facts in support as well as failure to exhaust. Mr. Jones is directed to file a single response to this order only, and in this response to address his parole revocation claim and exhaustion of that claim only. Any non-complying filing submitted by Mr. Jones may be disregarded or stricken.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to satisfy the filing fee requirement by either paying the fee of $5.00 or submitting a properly completed and supported motion for leave to proceed in forma pauperis on court-approved forms.

**IT IS FURTHER ORDERED** that that all conditions claims improperly raised herein are dismissed, without prejudice; and that all § 2254

8

claims raised herein, if any, are dismissed without prejudice for failure to state adequate grounds and facts in support and failure to exhaust state remedies.

**IT IS FURTHER ORDERED** that this action is construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IT IS FURTHER ORDERED** that within the same thirty-day period petitioner is required to file a response in which he states sufficient facts to support a claim that revocation of his state parole was unconstitutional and in which he shows full and proper exhaustion of administrative and state court remedies on his claim regarding parole revocation, or this action will be dismissed.

The clerk is directed to send IFP forms to petitioner.

**IT IS SO ORDERED.**

**Dated this 1st day of April, 2014, at Topeka, Kansas.**

<u>s/Sam A. Crow</u>
**U. S. Senior District Judge**