IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

        Petitioner,

    v.                         CASE NO. 14-3034-SAC

STATE OF KANSAS, et al.,

        Respondents.

**O R D E R**

This pro se action was filed by Mr. Jones as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court screened the petition and dismissed "all 2254 claims raised, if any," without prejudice for failure to state adequate grounds and facts in support and failure to exhaust. The court dismissed all conditions claims as well as not properly raised in a habeas petition. The action was construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 based upon petitioner's remaining claim regarding parole revocation. Petitioner was given time to "file a response in which he states sufficient facts to support a claim that revocation of his state parole was unconstitutional and in which he shows full and proper exhaustion of administrative and state court remedies on his claim regarding parole revocation, or this action will be dismissed." Mr. Jones was also ordered to satisfy the statutory

1

filing fee prerequisites.

The time in which Mr. Jones was required to respond has expired. Apparently in response to the court's order, petitioner has filed two Motions for Leave to Proceed in forma pauperis (Docs. 4 & 7), Petition for Writ of Habeas Corpus (Doc. 5), Supplement to Petition for Writ of Habeas Corpus (Doc. 6), and "Motion for Leave to Request for Admissions" (Doc. 8). Having considered these filings, the court finds that they do not adequately respond to the court's screening order and concludes that this action must be dismissed as a result.

**FILING FEE**

Mr. Jones was informed in the screening order that he was required to submit a "certified accounting of the funds available to him in his institutional account"[1] as financial support for a motion to proceed in forma pauperis (IFP). He has attached to his IFP motions two printouts of ""Current Bank

---

[1] D.Kan.Rule 9.1(g); see Rules Governing Section 2254 Cases in the United States District Courts, Rule 3(a)(2)(habeas petition must be accompanied by "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution"). D.Kan.Rule 9.1(g)(2)(A) provides:

> Where a petitioner, movant, or plaintiff is an inmate of a penal institution and desires to proceed without prepayment of fees, he or she must also submit a certificate executed by an authorized officer of the institution in which he or she is confined. The certificate must state the amount of money or securities on deposit to his or her credit in any account in the institution.

Transactions" for very limited dates that show no account balances, current or otherwise. Neither constitutes a "certified accounting of the funds available to him in his institutional account." Accordingly, the court finds that Mr. Jones has not satisfied the statutory filing fee prerequisites for this lawsuit or the court's order regarding the fee. This action might be dismissed on this basis alone.

**RESPONSE**

Mr. Jones was directed to file a single response to the court's Memorandum and Order and therein to address only his parole revocation claim and exhaustion of that claim. He was informed that any non-complying filing submitted by him could be disregarded or stricken. Mr. Jones did not comply with this directive. Instead, he filed a petition, a supplement, one repetitive IFP motion, and one premature discovery motion. The court could simply disregard the supplement and improper motions. However, even considering the improper filings, the court finds that Mr. Jones has not alleged facts to support his claim regarding parole revocation and, in any event, has not shown full and proper exhaustion of administrative and state court remedies on his claim.

In his initial 2254 petition, Mr. Jones claimed violation of due process in connection with parole violation charges. As

3

facts in support, he alleged that he was not given a "Morrisey hearing" because his parole officer incorrectly stated that Mr. Jones was observed committing the violation offense by the arresting officer.[2] The court found that these vague allegations did not amount to sufficient supporting facts. The court specifically noted that Mr. Jones failed to describe the charged violations and to provide the date and location of any hearing as well as the written findings of the parole board. The court further noted that petitioner did not allege that he was denied any particular element of the process due in such proceedings. The court concluded that petitioner's allegations failed to show that revocation of his parole violated his federal constitutional rights. In addition, the court found that Mr. Jones had not shown that he administratively appealed any adverse parole decision or that he had fully and properly exhausted all available state court remedies on challenges to

---

[2]  In *Morrissey v. Brewer*, 408 U.S. 471, 487 (1972), the United States Supreme Court "held that due process imposed certain minimum procedural requirements which must be satisfied before parole could finally be revoked." *Wolff v. McDonnell*, 418 U.S. 539, 559 (1974). These procedures were:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id. (*citing *Morrissey*, 408 U.S. at 489).

4

his state parole revocation.

In his response (Doc. 5) entitled "Writ of habeas pursuant to 28 USC 2241" Mr. Lee provides none of the missing facts. He still fails to provide the charged violation(s), the date and location of his revocation proceedings, and the parole board's written findings.[3] He likewise still fails to describe any questions, witnesses, or evidence at his parole hearing or allege any facts showing what element of the process due in such proceedings was denied. Instead of alleging any crucial supporting facts, Mr. Jones continues to make vague rambling references to other claims, lawsuits, and grievances that are not even clearly related. He attaches a copy of "the property loss claim that has yet to be answered." He alleges that officers received his papers and a check at the Shawnee County Jail then disappeared, and he asked "Shawnee Co. Jail to reissue the check to no avail." He alleges that he has been "hit with a warrant for a new crime" including "petty little trumped up charges" and "was set up by the community." He does not suggest how any of these events supports his claim that the parole revocation under challenge was unconstitutional. Moreover, he now reveals that the parole board decision "became final" on April 1, 2014, which is a month after he filed the instant

---

[3] Petitioner has lately alleged that he lost papers on some of these matters; however, he does not even summarize their content.

lawsuit.

In his response, petitioner tries to add the new claim that papers he needed to show the parole board were "mysteriously lost." The "papers" he refers to are presumably the Shawnee County Sheriff's Office police report dated December 21, 2013, a copy of which he filed in this action as "Exhibit A" (Doc. 2). As noted, he claims that he was "denied a Morrissey hearing because his parole officer Donnie Hibler told his supervisor that Mr. Jones was seen by officers." He argues that nowhere in the police report "does it say that Mr. Jones was seen carring (sic) a red tool box," and claims that the report therefore shows that his parole officer lied to the parole board. However, the officer stated in his report that he had "observed a vehicle parked next to construction equipment" and "a male jump off a flatbed truck and take off running" when the officer turned the spotlight on him, that the man "was carrying an unknown red object in his hand," and that the subject was later identified as Joseph Lee Jones. Thus, the arresting officer had observed Mr. Jones running with a red object from a truck that was found to have been burglarized. While petitioner baldly states that his parole officer lied about what the officer observed, he does not provide any summary or documentation as to what his parole officer actually said, if anything, during petitioner's parole proceedings. Nor does he explain why

anything his parole officer stated to his supervisor resulted in denial of a *Morrissey* hearing. Furthermore, he does not provide the reasons given for revocation of his parole showing that a statement by his parole officer to his supervisor was the basis for the decision. The court concludes that Mr. Jones has failed to allege facts in his response showing that he was denied any federal constitutional right in connection with revocation of his state parole. It follows that he has not alleged sufficient facts to state a claim for relief under 28 U.S.C. § 2241.

Even if petitioner's vague and irrelevant allegations could somehow be read to state a colorable claim, he fails to show full and proper exhaustion as ordered and his allegations and exhibits demonstrate that he has not exhausted. Mr. Jones baldly claims that "exhaustion is properly shown as (he) was moved from each jail or prison" after he attempted to request or complain. However, this statement appears to be an unconvincing argument that exhaustion should be excused rather than a showing that it was accomplished. Since the parole board decision was not final when this lawsuit was filed, petitioner could not have met the exhaustion prerequisite for filing this habeas petition. Moreover, he does not provide the date of an administrative appeal, to what official such an appeal was made, or the date and substance of any decision on administrative appeal. Thus, he has not shown exhaustion of administrative remedies.

Furthermore, his exhibits indicate that he has not fully exhausted state court remedies. Petitioner's own exhibit shows that he currently has a civil action pending in state court that he filed on February 10, 2014, which had not been decided at the time this exhibit was submitted. See Petition/response (Doc. 5) Exh. A (Doc. 5-1). Petitioner writes on this exhibit that the Attorney General has not responded to this pending state petition, that his release is sought therein "due to failing to give a Morrissey hearing," and that he "can't fully exhaust" because he can't "get them to timely respond."[4] This exhibit and petitioner's remarks written thereon plainly show that Mr. Jones has not exhausted state court remedies on his parole revocation claims.

The court has also considered petitioner's Supplement (Doc. 6) and finds that it likewise fails to set forth facts to support a claim and to show exhaustion.[5]

---

[4] Petitioner does not show that there has been excessive delay in the state court. Any complaint regarding delay must be addressed in the state courts in the first instance.

[5] In his Supplement, Mr. Jones alleges that papers were lost by HCF and refers to "copy of parole violation, violation and particulars that clearly show the allegations of the parole officer." He alleges that this was part of "the pattern of staff" that prevented him from mailing "it out of HCF" and "when he did they were lost mysteriously." In addition, he alleges that upon his transfer from Shawnee Co. Jail to HCF on 02-04-14, all his legal papers "were mysteriously lost," and that those papers included "the full police report" from "Case 14 CR 2682," which he could have shown to the parole board had it not been lost. He correctly notes that he e-mailed a copy of the report to this court. He exhibits a copy of "the property loss claim" he filed on February 14, 2014, that is "yet to be answered". Therein, Mr. Jones claimed that he needed the lost papers for his parole board hearing scheduled six days later and because of filing deadlines in his ten pending civil

The court concludes that petitioner has not complied with orders of this court, has not stated facts to support a claim for relief under § 2241, and in any event, has not shown full and proper exhaustion of all available administrative and state court remedies on his claim that his federal constitutional rights were violated during state parole proceedings.

The court has considered petitioner's "Motion for Leave to Request Admissions, Motion for Admissions" (Doc. 8) and denies this motion. Respondent has not been served in this case and there is no opposing party upon which to serve a request for admissions. This request is premature and does not appear to comply with the Federal Rules of Civil Procedure. It might also be denied as moot, given the court's disposition of this action.

**IT IS THEREFORE ORDERED** that petitioner's Motions for Leave to Proceed in forma pauperis (Docs. 4 & 7) are denied as not supported by the requisite certified accounting and that petitioner's "Motion for Leave to Request for Admission" (Doc. 8) is denied as premature and moot.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied for failure to allege facts sufficient to state a claim under § 2241 and failure to show full and proper exhaustion of state remedies.

---

cases. Petitioner does not allege that he was prevented at his revocation hearing from alleging that any statement by his parole officer significantly varied from the police report or a general claim of insufficient evidence.

**IT IS SO ORDERED.**

**Dated this 14ᵗʰ day of May, 2014, at Topeka, Kansas.**

<pre>                                    <u>s/Sam A. Crow</u>
                                    **U.S. Senior District Judge**</pre>